1

2

3

4

5                   IN THE UNITED STATES DISTRICT COURT

6              FOR THE EASTERN DISTRICT OF CALIFORNIA

7

   MARILYN GOETZKE, Widower,        )      CIV S-03-554 GEB/JFM
8  Individually and As Personal     )
   Representative/Successor in       )
9  Interest on Behalf of the Estate  )
   and heirs of LOREN GOETZKE,       )
10 deceased; GENE GOETZKE; and       )
   GARY GOETZKE,                     )
11                                   )
                    Plaintiffs,      )
12                                   )
            v.                       )
13                                   )      ORDER
   SIKORSKY AIRCRAFT CORPORATION, a  )
14 Delaware Corporation; GENERAL     )
   ELECTRIC COMPANY, a New York      )
15 Corporation; and ROTAIR INDUSTRIES,)
   INC., a Connecticut Corporation,  )
16                                   )
                    Defendants.      )
17 ADRIAN VILLARUZ,                  )
                                     )
18                  Plaintiff,       )
                                     )
19          v.                       )
                                     )
20 SIKORSKY AIRCRAFT CORPORATION, a  )
   Delaware Corporation; GENERAL     )
21 ELECTRIC COMPANY, a New York      )
   Corporation; and ROTAIR INDUSTRIES,)
22 INC., a Connecticut Corporation,  )
                                     )
23                  Defendants.      )

24         On April 29, 2005, Defendant General Electric Company filed

25 a request for an order shortening time for a hearing on a motion to

26 amend the Rule 16 Scheduling Order, in which all parties join.  The

27

28

                                    1

1 request to shorten time is denied,[1] but as will be explained below,

2 the motion is decided in part and the remainder of it will probably be

3 rendered moot by an order which will most likely issue after the

4 status conference scheduled below.

5        The motion argues in a conclusory fashion that the parties

6 have been diligent in their litigation but nevertheless need two

7 modifications to the Scheduling Order.  Further, one of the attorneys

8 declares these modifications are also needed because he is about to

9 undergo surgery, which will interfere with his ability to personally

10 participate in discovery.

11        The parties then propose July 1, 2005, as the new "discovery

12 completion" date and July 25, 2005, as the new "last day to hear

13 motions."  The workability of these proposals has been considered,

14 even though the issue of whether the motion meets the applicable

15 standard governing such motions has not yet been decided.  What the

16 parties propose as the last law and motion hearing date is unworkable,

17 and indicates that the parties are unaware of why the Judge usually

---

18

19     [1]    This is the fifth request for an order shortening time I have received within the last nine days.

20
        [A]pplications [for orders shortening time]
21         contravene the structure and spirit of the Federal
        Rules of Civil Procedure and the Local Rules of
22         this court.  Both contemplate that noticed motions
        should be the rule and not the exception. . . .
23         [Order shortening time]applications throw the
        system out of whack.  They impose an unnecessary
24         administrative burden on the court . . . [by]
        demand[ing] priority consideration. . . .  In
25         effect, they put the applicant "ahead of the
        pack," [often] without cause or justification.
26

27 In re Intermagnetics America, Inc., 101 B.R. 191, 193 (Bankr. C.D. Cal. 1989).

28

1   schedules the last law and motion hearing date at least eight weeks

2   before the final pretrial conference.[2]  This eight week period is

3   usually prescribed so that the Judge will have sufficient time to

4   issue a ruling on a motion noticed for hearing on the last law and

5   motion date; most parties desire receiving such rulings in advance of

6   when they meet and confer on the joint pretrial statement which is

7   required to be filed at least seven days before the final pretrial

8   conference.  The parties' proposal of about four weeks between those

9   dates is rejected and that portion of the motion is denied.

10          But the parties are given an opportunity to propose a

11  workable schedule, which modifies the Scheduling Order, in a filing on

12  or before May 10, 2005.  A status hearing is scheduled in this action

13  on May 16, 2005, at 8:30 a.m.

14          IT IS SO ORDERED.

15  Dated:  May 3, 2005

16
                                /s/ Garland E. Burrell, Jr.
17                              GARLAND E. BURRELL, JR.
                                United States District Judge
18

19

20

21

22

23

24

25

26
_____
27      [2]   See Order Setting Status (Pretrial Scheduling) Conference
    filed March 18, 2003, at 3 n.4 ("Judge Burrell's typical pretrial
28  scheduling procedures require . . . that law and motion is cut off 60
    days before the final pretrial conference. . . .")