IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILYN GOETZKE, widower, individually and as personal representative/successor in interest on behalf of the estate and heirs of LOREN GOETZKE, deceased; GENE GOETZKE; and GARY GOETZKE,<br><br>        Plaintiffs,<br><br>    v.<br><br>SIKORSKY AIRCRAFT CORPORATION, a Delaware corporation; GENERAL ELECTRIC COMPANY, a New York corporation; and ROTAIR INDUSTRIES, INC., a Connecticut corporation,<br><br>        Defendants. | 2:03-cv-0554-GEB-JFM<br><br>ORDER |
| ADRIAN VILLARUZ,<br><br>        Plaintiff,<br><br>    v.<br><br>SIKORSY AIRCRAFT CORPORATION; GENERAL ELECTRIC CORPORATION; ROTAIR INDUSTRIES, INC.,<br><br>        Defendants. | |

Over the course of three days the Plaintiffs in this action filed three "Notice[s] of Settlement." Plaintiffs' notices, when taken together, represent that all claims against all Defendants have

been settled.  In light of these notices, the parties' pending motions for summary judgment are deemed withdrawn.

The parties have until 4:30 p.m. on October 14, 2005, to file a document or documents that effect dismissal of this action. See L.R. 16-160(b).  Until such documents are filed the Rule 16 Scheduling Order dates will not be vacated; however, due to the parties' apparent desire to avoid further litigation the Final Pretrial Conference will be continued to October 31, 2005, at 1:30 p.m.

Final Pretrial Conference and Trial dates will remain on calendar, because the mere representation that an action has been settled does not justify removal of the action from a district court's trial docket.  Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).  Vacating the dates established in a scheduling order when there may, in fact, not be an enforceable settlement agreement "would undermine the court's ability to control its docket [and] disrupt the agreed-upon course of the litigation." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992).  See also U.S. v. 1948 South Martin Luther King Dr., 270 F.3d 1102, 1110 (7th Cir. 2001) ("Courts have a legitimate interest in ensuring that parties abide by scheduling orders to ensure prompt and orderly litigation."). Therefore, if all claims are not dismissed on or before October 14,
//
//
//
//

1  2005, the parties then remaining in the action are required to file a
2  Joint Pretrial Statement seven days before the now rescheduled Final
3  Pretrial Conference.
4
5        IT IS SO ORDERED.
6  Dated:  September 2, 2005
7
                                    /s/ Garland E. Burrell, Jr.
8                                   GARLAND E. BURRELL, JR.
                                    United States District Judge
9